# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## State of New York.

---

Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of SEBASTIANA INSANA, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Son, GUISEPPE INSANA, v. NORDENHOLT CORPORATION, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, July 8, 1920.

**Workmen's Compensation Law — injury in region of heart resulting from fall — knowledge of accident by employer — death from heart disease hastened or contributed to by accident — sections 21 and 68 of statute applied.**

A few moments before quitting time deceased fell seven or eight feet from a pile of cement in sacks, striking his left breast either upon one of the sacks or upon the platform upon which the sacks were piled; he was helped up by his fellow-workmen, and complained that he had slipped and fell and hurt himself in the region of the heart. He then walked to the ferry and up a flight of stairs to the elevated railroad and died in the train within an hour after the accident. On all the evidence,

*Held*, that the defendant's employer had such knowledge of the accident on which the claim was based as is contemplated by the last sentence of section 18 of the Workmen's Compensation Law;

That the death of the decedent from heart disease was hastened or contributed to by the accident.

Workmen's Compensation Law, section 21, relating to presumptions, and section 68, providing that technical rules of evidence or procedure are not required, applied.

APPEAL by the defendants, Nordenholt Corporation and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 3d day of February, 1919, and also from an award and decision dated the 16th day of June, 1919, and entered in the office of said Commission. (See 193 App. Div. 929; 195 id. ——.)

*Benjamin C. Loder* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* and *Bernard L. Shientag,* of counsel], for the respondents.

KILEY, J.:

The appellants contend that the notice of injury and death required by section 18 of the Workmen's Compensation Law was not given to the employer and that death was caused by acute cardiac dilatation, chronic valvular disease of the heart, and that the accident alleged to have happened to the deceased in no way contributed toward such fatality. On May 15, 1918, Guiseppe Insana, with others, was working for the appellant, employer, at its pier in Brooklyn, N. Y. They were unloading a cargo of sacks of hard red cement, each sack weighing 145 pounds. Five minutes before quitting time Guiseppe fell seven or eight feet from a pile of these sacks, striking his left breast upon either one of the sacks or upon the platform upon which the sacks were piled. He was helped up by his fellow-workmen, complained that he had slipped and fell and hurt himself in the region of the heart. He walked to the ferry and up a flight of stairs to the elevated railroad and died in the train. The timekeeper took the names of those there. The assistant foreman of the employer says he hired the deceased to work the day he was injured and that he heard of his injury before he left for home. He said he did not tell anybody because his fellow-workmen said they would take it up next morning. Superintendent Marra, of the employer corporation, testified that June

twenty-seventh was the first knowledge he had of the accident, and that was acquired through a representative of the insurance carrier, appellant herein, for whom he made an affidavit. He was then asked this question: " That is the first knowledge you had there was a claim? A. Yes, it was. Of course, the next day after the man died, they told me on the job he died on his way home. I didn't pay no attention to it." It will be noted that the word " claim " is used, not " accident." Again, " He never told you anything about an accident? A. No, sir." This evidence is not satisfactory as to the absence of knowledge, but earlier in his testimony he creates a feeling that he had knowledge as soon as the next day. " No accident whatever was reported *at the time, until the next day* we got back to work and some of the employees told me the man died on his way home on the train." His examination was to the effect that he did not have notice, not that he did not have knowledge. It is obvious, whether consciously or not, that this evidence fitted the provisions of section 18 requiring affirmative notice, as found in said section before the sentence commencing with the words " the failure to give notice of injury or notice of death," etc. The amendment made to section 18 by chapter 634 of the Laws of 1918, extending the time in which to give notice from ten to thirty days, took effect May 13, 1918, two days before this injury occurred. The employer had such knowledge as is contemplated by the last sentence of section 18 of the Workmen's Compensation Law. As to whether this injury activated a previous bad condition of the heart and thereby contributed to the sudden taking off of this man, was a question of fact for the Commission. Some medical testimony given is to the effect that such injury might produce a condition that might be fatal and of which this instance is illustrative. Appellants rely on *Nestor* v. *Pabst Brewing Co.* (191 App. Div. 312). I cannot escape the conclusion that the circumstances and facts are different in the two cases. Nestor dislocated his shoulder on June 1, 1918, and lived until July 21, 1918. His injury was not in the region of the heart; a dislocated shoulder and contusions of the skin may be had without any shock; a twist of the arm may dislocate a shoulder; a seam in the trousers may abrase the skin; a ball thrown by a boy may

produce a painful contusion. The death certificate indicated, nothing more, that Nestor died of heart disease ("chronic cardiac valvular"). He was under the care of a physician; he lived fifty-one days after the injury, and his physician swore that he never had heart disease. In the case here considered the shock must have been severe. Insana slipped and fell seven or eight feet, striking a hard substance, either cement sack or the floor of the platform, and was dead within an hour thereafter. His mother swore he never had any sickness, any heart disease. She did not know. The physician, Dr. Lewy, was called and testified from the facts as presented by the record that in his opinion he had, and that the injury was such as might hasten death. I do not think *Nestor* v. *Pabst Brewing Co.* (*supra*) is controlling here. It would seem that if sections .21 and 68 of the Workmen's Compensation Law are to be accorded any vitality, they apply to the facts in this case.

The award should be affirmed.

Award unanimously affirmed.